IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


TERESA E. BRIDGES                                         Plaintiff

v.                          4:07CV00942 SWW/HDY

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration,                                 Defendant

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Susan Webber Wright.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Teresa E. Bridges, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for Supplemental Security Income (SSI), based on disability.[1]

---

[1]Plaintiff's Appeal Brief states that she also filed for Disability Insurance benefits.  (Br. 1)  However, there is no application for Title II benefits in the transcript.  Other documents

Both parties have submitted appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or

---

refer only to the SSI claim. (Tr. 9, 17, 340, 365) The Court views Plaintiff's contrary assertion to be nothing more than scrivener's error.

mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Plaintiff alleged that she was limited in her ability to work by fibromyalgia, osteoarthritis, Raynaud's disease, pain, back and neck problems, diarrhea, rectal bleeding, insomnia, depression, muscle and joint pain and stress. (Tr. 342) The Commissioner found that she was not disabled within the meaning of the Social Security Act. The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting two administrative hearingS, the Administrative Law Judge[2] (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through May 7, 2007, the date of his decision. (Tr. 23) On August 29, 2007, the Appeals Council received and considered additional evidence and then denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (Tr. 6-8) Plaintiff then filed her complaint initiating this appeal. (Docket #2)

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial

---

[2]The Hon. Garry L. Brewer.

evidence.

Plaintiff was 42 years old at the time of the first hearing. (Tr. 342, 343)  She completed the tenth grade in school, later got her General Equivalency Diploma and had additional training as a certified nurse's aide.  (Tr. 264, 343)  She has no past relevant work.  (Tr. 17, 85-87)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process.  The first step involves a determination of whether the claimant is involved in substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(i) (2006). If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience.  Id. at § 416.920(b).

Step 2 involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement.  Id. at § 416.920(a)(4)(ii).  If not, benefits are denied.  Id. A "severe" impairment significantly limits a claimant's ability to perform basic work activities.  Id. at § 416.920(c).

Step 3 involves a determination of whether the severe impairment(s) meets or equals a listed impairment.  Id., § 416.920(a)(4)(iii).  If so, and the duration requirement is met, benefits are awarded.  Id.

If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made.  Id., § 416.920(a)(4).  This residual functional capacity assessment is

4

utilized at Steps 4 and 5.  Id.

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity to perform past relevant work.  Id., § 416.920(a)(4)(iv).  If so, benefits are denied.  Id.

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience.  Id., § 416.920(a)(4)(v).  If so, benefits are denied; if not, benefits are awarded.  Id.

The ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date.[3]  (Tr. 17, 22)  He found that Plaintiff had a "severe" impairment.  (Tr. 17)  He determined that she did not have an impairment or combination of impairments that met or equaled a Listing.  Id.  He judged that Plaintiff's allegations regarding her limitations were fairly credible, but her limitations would not preclude all work.  (Tr. 18, 21)

The ALJ found that Plaintiff retained the residual functional capacity to lift and carry eight pounds, sit for 30 minutes at a time, stand for 30 minutes at a time, no repetitive overhead work and reduced grip strength.  Id.  He decided that she had no past relevant work.  (Tr. 17, 22)  He correctly noted that, once Plaintiff was

---

[3]Plaintiff alleged an onset date of September 1, 2001.  (Tr. 68) She had a protective filing date of May 29, 2003.  (Tr. 67)  SSI benefits are not payable for a period prior to the application.  20 C.F.R. § 416.335 (2006); Cruse v. Bowen, 867 F.2d 1183, 1185 (8th Cir. 1989).

determined to have no past relevant work, the burden shifted to the
Commissioner to show a significant number of jobs within the economy
that she could perform, given her residual functional capacity, age,
education and past work.  (Tr. 22)  Based on the testimony of a
vocational expert witness in response to a hypothetical question, the
ALJ found that there were a significant number of jobs in the economy
which Plaintiff could perform, notwithstanding her limitations, for
example, assembler, surveillance system monitor and office helper.
Id.  Consequently, the ALJ concluded that Plaintiff was not disabled.
Id.

Plaintiff "disagrees" with the ALJ that she did not meet a
Listing.  (Br. 4)  She does not indicate what Listing she contends
that she met, however.  She does not indicate how she met a Listing,
other than to supply a laundry list of diagnoses, observations and
complaints.  (Br. 4-5)  Such a failure to flesh out an argument is
waiver of the argument.

> [W]e see no reason to abandon the settled appellate rule
> that issues adverted to in a perfunctory manner,
> unaccompanied by some effort at developed argumentation,
> are deemed waived.  It is not enough merely to mention a
> possible argument in the most skeletal way, leaving the
> court to do counsel's work, create the ossature for the
> argument, and put flesh on its bones.  As we recently said
> in a closely analogous context: "Judges are not expected to
> be mind[]readers.   Consequently, a litigant has an
> obligation 'to spell out its arguments squarely and
> distinctly,' or else forever hold its peace."

United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990), cert.
denied, 494 U.S. 1082 (1992)(citations omitted); accord, Vandenboom
v. Barnhart, 421 F.3d 745, 750 (8th Cir. 2005) (rejecting out of hand

conclusory assertion that ALJ failed to consider whether claimant met Listings because claimant provided no analysis of relevant law or facts regarding Listings); Murrell v. Shalala, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994) (perfunctory complaint fails to frame and develop issue sufficiently to invoke appellate review); Hartmann v. Prudential Ins. Co. of America, 9 F.3d 1207, 1212 (7th Cir. 1993) (failure to press a point, even if mentioned, and to support it with proper argument and authority forfeits it) (Posner, C.J.); SEC v. Thomas, 965 F.2d 825, 827 (10th Cir. 1992) (it is obligatory that appellant claiming error as to factual determination provide court with essential references to record to carry burden of proving error); Leer v. Murphy, 844 F.2d 628, 635 (9th Cir. 1988) (issues raised in brief which are not supported by argument are deemed abandoned).

Plaintiff contends that the ALJ should have given greater weight to the opinion of Inge Carter, M.D., her treating physician. (Br. 7-8, 15)  On August 12, 2005,[4] Dr. Carter wrote a To Whom It May Concern letter.  In pertinent part, it read as follows:

> Teresa Bridges is my patient at the Arkansas Primary Care Clinics, P.A.  She is scheduled to participate in the Community Service Program.  I have examined her and she has several chronic medical problems that limit her sitting, standing, lifting, carrying, or walking.  She is unable to work for even a partial day.  It is my medical opinion that she is not able to participate in this program without aggravating her medical conditions.

---

[4]On July 18, 2006, she wrote a virtually identical letter.  (Tr. 304)

7

(Tr. 262)

The ALJ acknowledged Dr. Carter's opinion, but discounted it because it was inconsistent with medical findings by Dr. Carter and other medical evidence. (Tr. 21) That is a recognized basis for discounting a doctor's opinion. See Krogmeier v. Barnhart, 294 F.3d 1019, 1023 (8th Cir. 2002)(treating physician's opinion not entitled to substantial weight unless well supported by medically acceptable clinical and laboratory diagnostic techniques, and consistent with other substantial evidence).

In addition, it appears that Dr. Carter's letters were written for the purpose of keeping Plaintiff from having to participate in the Community Service Program. See Hensley v. Barnhart, 352 F.3d 353, 357 (8th Cir. 2003)(discounting opinion letter, in part, because it was written expressly for purpose of obtaining food stamp benefits); Chambliss v. Massanari, 269 F.3d 520, 523 (8th Cir. 2001)(discounting treating physician's opinion because it was made as part of application for food stamps, based on need).

Furthermore, her opinion that Plaintiff could not work for even a partial day is not a medical opinion, but an opinion on the application of a statute, a task assigned solely to the discretion of the Commissioner. Krogmeier v. Barnhart, 294 F.3d at 1023; Flynn v. Chater, 107 F.3d 617, 622 (8th Cir. 1997).

> Medical sources often offer opinions about whether an individual who has applied for title II or title XVI disability benefits is "disabled" or "unable to work," or make similar statements of opinions. In addition, they sometimes offer opinions in other work-related terms; for

example, about an individual's ability to do past relevant work or any other type of work. Because these are administrative findings that may determine whether an individual is disabled, they are reserved to the Commissioner. Such opinions on these issues must not be disregarded. However, even when offered by a treating source, they can never be entitled to controlling weight or given special significance.

Social Security Ruling 96-5p, at 5.

The ALJ was justified in not giving greater weight to the opinion of Dr. Carter.

Next, Plaintiff argues that the ALJ did not properly assess her fibromyalgia. (Br. 11-14) A fair reading of the ALJ's opinion simply does not support that conclusion. The ALJ mentioned her fibromyalgia at least eight times. (Tr. 17, 18, 20, 21, 22) He found her description of her limitations fairly credible. (Tr. 18, 21) Because of her fibromyalgia and her other problems, he found that she had limitations in her ability to lift, carry, sit, stand, work overhead, grip (Tr. 18, 21) function socially and in her concentration, persistence and pace (Tr. 19). He found her fairly credible and gave her testimony concerning her limitations considerable weight in finding that she could work with those limitations. (Tr. 21) The ALJ properly assessed her fibromyalgia.

Next, Plaintiff contends that the ALJ failed to consider how her combination of impairments rendered her disabled. (Br. 14-20) The ALJ discussed Plaintiff's impairments individually (Tr. 18, 19, 20) and in combination (Tr. 17, 18, 20, 21, 22). Furthermore, the ALJ discussed Plaintiff's limitations of function, which are a cumulation

of her impairments, at some length. (Tr. 17, 18, 19, 20)
Plaintiff's point is not well taken. See Hajek v. Shalala, 30 F.3d
89, 92 (8th Cir. 1994); Browning v. Sullivan, 958 F.2d 817, 821 (8th
Cir. 1992).

Plaintiff also emphasizes the report of D. Kenneth Counts, Ph.D.
(Br. 15-19) He apparently saw her one time and then filled out a
Medical Source Statement of Ability to Do Work-related Activities
(Mental) which reflected no useful ability to function in eleven out
of 14 rated areas. (Tr. 308-09)

Also of record is the psychological evaluation with mental
status examination by Sam Boyd, Ph.D. (Tr. 263-269) He administered
several tests. (Tr. 266-67) He diagnosed no Axis I or II[5] disorders.
He also completed a Medical Source Statement of Ability to Do Work-
related Activities (Mental). (Tr. 270-72) He offered the opinion
that her ability to understand, remember and carry out instructions
was not affected by an impairment. (Tr. 270) He also noted that her
ability to respond appropriately to supervision, co-workers and work
pressure in a work setting was unaffected by impairment, as were
other capabilities. (Tr. 271) He thought she could manage benefits
in her own best interest. (Tr. 272)

It is not the task of this Court to review the evidence and make

---

[5]Clinical disorders and other conditions that might be a focus
of clinical attention are diagnosed on Axis I; personality disorders
and mental retardation are diagnosed on Axis II. Diagnostic and
Statistical Manual of Mental Disorders 27 (4th ed., Text Revision
2000).

an independent decision.   Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.   The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.   E.g., Mapes v. Chater, 82 F.3d 259, 262 (8th Cir. 1996); Pratt v. Sullivan, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence.   There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.   Richardson v. Perales, 402 U.S. at 401; see also Reutter ex rel. Reutter v. Barnhart, 372 F.3d 946, 950 (8th Cir. 2004).   The Commissioner's decision is not based on legal error.

The trier of fact has the duty to resolve conflicting medical evidence.   Richardson v. Perales, 402 U.S. 389, 399 (1971); Vandenboom v. Barnhart, 412 F.3d at 928.

IT IS THEREFORE RECOMMENDED that the final determination of the Commissioner be affirmed and that Plaintiff's complaint be dismissed with prejudice.

DATED this ___7___ day of November, 2008.

_____
UNITED STATES MAGISTRATE JUDGE